# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

## Case No.: 1:15-cr-20865—LENARD

UNITED STATES OF AMERICA,

VS.

JUSTO JONAH SANTOS,

  Defendant.

## ORDER FINDING 18 U.S.C. § 1425(a) CONTAINS NO MATERIALITY ELEMENT

**THIS CAUSE** is before the Court on the Government's Trial Brief (D.E. 28), filed on June 1, 2016; Defendant's proposed jury instructions (D.E. 45), filed on June 8, 2016; the Government's proposed jury instructions (D.E. 61), filed on June 17, 2016; and the Government's response in opposition to Defendant's offense instruction as to Count One of the Superseding Indictment (D.E. 62), filed on June 17, 2016.  Having considered these pleadings and the argument of counsel in open court, the Court supplements its oral ruling as follows.

Defendant is charged in a two-count Superseding Indictment.  (D.E. 20.)  Count One charges Defendant with "knowingly procur[ing] or attempt[ing] to procure, contrary to law, naturalization, and documentary and other evidence of naturalization and of citizenship, for himself, in violation of Title 18, United States Code, Section 1425(a)." (Id.)  Count Two accuses Defendant of "knowingly us[ing] for any purpose any certificate, certificate of naturalization, and certificate of citizenship, unlawfully issued

and made, and copies and duplicates thereof, showing any person to be naturalized and admitted to be a citizen, in that the defendant submitted as proof of his United States citizenship an unlawfully issued certificate of naturalization, in violation of Title 18, United States Code, Section 1423."   (Id.)   The parties have jointly requested that the Court make a pretrial ruling regarding the elements of the offense charged in count one: 18 U.S.C. § 1425(a).[1]

In its Trial Brief, the Government argues that the elements of 18 U.S.C. § 1425(a) are:

> (1) The defendant procured or attempted to procure naturalization;
>
> (2) The defendant did so in some manner contrary to law; and
>
> (3) The defendant did so knowingly.

(D.E. 28.)   The Government relies on a recent decision by the United States Court of Appeals for the Sixth Circuit in support of its argument that § 1425 contains no materiality requirement.   See United States v. Maslenjak, 821 F.3d 675, 679 (6th Cir. 2016).   In its Trial Brief, the Government informed the Defendant that it will be relying upon 18 U.S.C. §§ 1015(a), 1427(a)(3) and 1101(f)(6) to prove the "contrary to law" element of 18 U.S.C. 1425(a).[2]   The Government argues that it need only prove that the

---

[1] At charge conference, Defendant argued for the first time that 18 U.S.C. § 1423 also contains a materiality element.   For the reasons set forth on the record and in this Order, the Court finds that, like § 1425(a), § 1423 does not contain a materiality element.

[2] The Defendant filed a Motion for Bill of Particulars (D.E. 24) on other grounds, which he withdrew after the Government filed its Trial Brief.  (D.E. 31.)

Defendant knowingly procured naturalization in a manner that violated either §§ 1015(a), 1427(a)(3) or 1101(f)(6).

In contrast, the Defendant argues that the elements of § 1425(a) are:

(1) The Defendant made a false statement in connection with his naturalization application;

(2) The Defendant made the statement knowingly. That is, he knew the statement was false at the time he made it;

(3) The Defendant's false statement related to some material mater. That is, the production of truthful information would have led to the discovery of facts relevant to the Defendant's naturalization application; and

(4) The Defendant procured his naturalization as a result of the false statement. That is, the production of truthful information would have raised a fair inference that the Defendant was statutorily ineligible for naturalization.[3]

(D.E. 45.) The Defendant argues that the Supreme Court's decision in Kungys v. United States, 485 U.S. 759 (1988), the Eleventh Circuit's decision in United States v. Pirela

_____

[3] Defendant's proposed jury instruction ignores an express element of § 1425(a) – that the Defendant's procurement of citizenship be contrary to law; and instead includes both (competing) materiality standards that were developed in the Supreme Court's fractured decision in Kungys, 485 U.S. at 759. In Kungys, the Court decided that8 U.S.C. § 1451, a civil denaturalization statute, contains an implicit materiality element. However, the Justices divided on the question of how to define materiality. Justice Scalia defined materiality as: "a natural tendency to influence or the capability to influence government action." See, e.g., Pirela Pirela, 809 F.3d at 1200 (explaining competing materiality standards arising out of Kungys). In contrast, Justice Brennan (writing for himself) and Justice Stevens (also writing for Justices Marshall and Blackmun) advocated for heightened standards in separate concurrences. The central premise of the heightened standards articulated in the Brennan/Stevens concurrences is that to prove materiality the Government must demonstrate that if the applicant had been truthful, he or she would have been statutorily ineligible for naturalization. Justice Brennan would require the Government to prove statutory ineligibility by raising a "fair inference" of ineligibility; whereas Justice Steven's "but-for" standard would require the Government to prove statutory ineligibility beyond a reasonable doubt. The Court will address, infra, why none of the materiality standards articulated in Kungys are applicable in this case.

3

Pirela, 809 F.3d 1195 (11th Cir. 2015), the Seventh Circuit's decision in United States v. Latchin, 554 F.3d 709, 715 (7th Cir. 2009), and the Ninth Circuit's decision in United States v. Puerta, 982 F.2d 1297, 1304 (9th Cir. 1992) suggest, if not compel, the conclusion that § 1425 contains a materiality element.

First, neither Kungys nor Pirela Pirela addressed the statute at issue here. Kungys addressed 8 U.S.C. § 1451(a).[4] 485 U.S. at 759. Pirela Pirela interpreted the phrase "procured by means of any false claim or statement" in 18 U.S.C. § 1546(a)," finding that

---

[4] Section 1451(a) provides:

> It shall be the duty of the United States attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any district court of the United States in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation, and such revocation and setting aside of the order admitting such person to citizenship and such canceling of certificate of naturalization shall be effective as of the original date of the order and certificate, respectively: Provided, That refusal on the part of a naturalized citizen within a period of ten years following his naturalization to testify as a witness in any proceeding before a congressional committee concerning his subversive activities, in a case where such person has been convicted of contempt for such refusal, shall be held to constitute a ground for revocation of such person's naturalization under this subsection as having been procured by concealment of a material fact or by willful misrepresentation. If the naturalized citizen does not reside in any judicial district in the United States at the time of bringing such suit, the proceedings may be instituted in the United States District Court for the District of Columbia or in the United States district court in the judicial district in which such person last had his residence.

8 U.S.C. § 1451(a).

the "question presented is both novel and narrow."[5]  809 F.3d at 1199.  Neither case

directly examined the text or purpose of 18 U.S.C. § 1425.[6]  Therefore, it appears that the

specific question before this Court – does § 1425 require proof of materiality – is an issue

of first impression in this Circuit.

The Defendant further asserts that the First, Seventh, and Ninth circuits have

concluded that 18 U.S.C. § 1425 – as a stand-alone statute – requires proof of a

materiality element.  See United States v. Mensah, 737 F.3d 789, 808 (1st Cir. 2013);

_____

[5] Section 1546(a) provides, in relevant part:

> Whoever knowingly forges, counterfeits, alters, or falsely makes
> any immigrant or nonimmigrant visa, permit, border crossing card,
> alien registration receipt card, or other document prescribed by
> statute or regulation for entry into or as evidence of authorized stay
> or employment in the United States, or utters, uses, attempts to use,
> possesses, obtains, accepts, or receives any such visa, permit,
> border crossing card, alien registration receipt card, or other
> document prescribed by statute or regulation for entry into or as
> evidence of authorized stay or employment in the United States,
> knowing it to be forged, counterfeited, altered, or falsely made, or
> to have been procured by means of any false claim or statement, or
> to have been otherwise procured by fraud or unlawfully obtained;
>
> . . . .
>
> Shall be fined under this title or imprisoned not more than 25 years
> (if the offense was committed to facilitate an act of international
> terrorism (as defined in section 2331 of this title)), 20 years (if the
> offense was committed to facilitate a drug trafficking crime (as
> defined in section 929(a) of this title)), 10 years (in the case of the
> first or second such offense, if the offense was not committed to
> facilitate such an act of international terrorism or a drug trafficking
> crime), or 15 years (in the case of any other offense), or both.

18 U.S.C. 1546(a).

[6] Defendant argues that the comparison of § 1546(a) to § 1425(a) in Pirela Pirela is the relevant
holding for that case; but it is dicta.  809 F.3d at 1199.

Latchin, 554 F.3d at 709; Puerta, 982 F.2d at 1297.  However, Defendant paints with too broad a brush.  These courts were limited by the appellate postures of their respective cases.  For example, in Puerta, the Government conceded at trial and on appeal that § 1425 contained a materiality element.  See 982 F.2d 1297, 1301 (9th Cir. 1992) ("[T]he government agrees with Puerta that § 1425(a) implies a materiality requirement similar to the one used in the [civil] denaturalization context.").  Likewise, in Mensah, the district judge had given an instruction which incorporated Justice Brennan's "fair inference" materiality standard; and therefore, the only question before the First Circuit was whether the lower court erred by failing to incorporate Justice Steven's "but-for" materiality standard.[7]  And finally, in Latchin, the Seventh Circuit did not directly address whether § 1425 – by itself – contains a materiality element, but instead determined that 18 U.S.C. § 1001(a) (the predicate offense alleged in that case) did explicitly contain a materiality element.[8]  Latchin, 554 F.3d at 712.

In its Maslenjak decision, the Sixth Circuit held that "proof of a material false statement is not required to sustain a conviction under 18 U.S.C. § 1425(a)."  Id. at 682.  In reaching its decision, the court construed the plain language of § 1425(a):[9]

> The starting point for any question of statutory interpretation
> is the language of the statute itself.  Section 1425(a) makes it

---

[7] The Government never argued to the First Circuit that § 1425(a) contains no materiality element.

[8] As the Seventh Circuit noted, § 1001(a) requires the Government to prove that the defendant: (1) falsified "a material fact"; (2) made a "materially false" statement or representation; or (3) made or used a false writing "knowing the same to contain a materially false" statement or entry.

[9] The Sixth Circuit is the only circuit court to construe the text of § 1425(a) and to address the exact question presented in this case.

a crime to "knowingly procure[ ] or attempt[ ] to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship." A plain reading of the statute suggests that materiality is not an element of the offense. The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute. Accordingly, courts ordinarily resist reading words or elements into a statute that do not appear on its face. Obviously, the term "material" is found nowhere in § 1425(a). Without statutory support for an element of materiality, we are hard-pressed to conclude that materiality is an element of the offense under 18 U.S.C. § 1425(a).

821 F.3d at 682 (internal citations and marks omitted). The <u>Maslenjak</u> court also

reviewed the overarching statutory scheme governing immigration and denaturalization:

Reading an implied element of materiality into 18 U.S.C. § 1425(a) is inconsistent with other laws criminalizing false statements in immigration proceedings and regulating the naturalization process. As Maslenjak's case illustrates, 18 U.S.C. § 1425 is but one statute within a broader statutory framework governing denaturalization. Here the district court denaturalized Maslenjak under 8 U.S.C. § 1451(e) after she was convicted of violating 18 U.S.C. § 1425(a). And her conviction under § 1425(a) required proof that Maslenjak had obtained her naturalization "contrary to law," meaning the government had to prove that her conduct violated at least one other law applicable to naturalization. At trial the government argued that Maslenjak's conduct violated at least two other laws, a criminal statute, 18 U.S.C. § 1015(a), as well as the INA's prerequisites for naturalization, 8 U.S.C. § 1427(a)(3), and its definitional statute, 8 U.S.C. § 1101(f)(6). In other words, the district court denaturalized Maslenjak under one statute but only after the jury had found her guilty of a crime under a second statute, which required as of one its elements proof that Maslenjak's act was "contrary to" at least a third statute. We find an implied element of materiality in 18 U.S.C. § 1425(a) to be at odds with the other statutes at issue in Maslenjak's case.

7

. . . .

> Furthermore, the cases on which Maslenjak relies overlook the fact that Congress has created a two-track system for denaturalization. Denaturalization under § 1451(a) is a civil proceeding with its own evidentiary standard and shifting burden of proof; whereas, denaturalization under § 1451(e) is a mandatory ministerial act following a criminal conviction under 18 U.S.C. § 1425(a). There is little justification for reading an implied element of materiality into 18 U.S.C. § 1425 based on the fact that materiality is a required element for civil denaturalization under 8 U.S.C. § 1451(a).

Id. at 683.  The court addressed the potential relationship between 8 U.S.C. § 1451, a civil denaturalization statute, and § 1425(a) which criminalizes procuring or attempting to procure citizenship contrary to law:

> The INA creates what are essentially two alternative paths for denaturalization.  Section 1451(a) provides for the revocation or setting aside of a citizen's naturalization where "the order and certificate of naturalization" were "illegally procured or [were] procured by concealment of a material fact or by willful misrepresentation." The INA at § 1451(a) expressly requires proof that the citizen procured his naturalization by concealing a "material" fact; the term "material" appears on the face of the statute. The Supreme Court in Kungys concluded that materiality is a required element of the government's case in a denaturalization proceeding under § 1451(a). Under § 1451(a), the government institutes a denaturalization proceeding by filing a petition and "affidavit showing good cause" in the district where the naturalized citizen resides.  The naturalized citizen then has 60 days in which to file an answer. The government has the initial burden to adduce "clear, unequivocal, and convincing" proof that the naturalized citizen has procured his naturalization by one of the improper means listed in § 1451(a), including the concealment of a material fact. Any less exacting standard would be inconsistent with the importance of the right that is at stake in a denaturalization proceeding. Once the government has carried its burden and proven the naturalized

8

citizen improperly procured his naturalization, a presumption of ineligibility arises, which the naturalized citizen is then called upon to rebut. The burden-shifting of § 1451(a)'s denaturalization procedure underscores the fact that a denaturalization suit is not a criminal proceeding, but a civil case. The Supreme Court has described denaturalization under § 1451(a) as a suit in equity. Rather than being a penal sanction, denaturalization imposes no punishment upon an alien who has previously procured a certificate of citizenship by fraud or other illegal conduct. It simply deprives him of his ill-gotten privileges. In contrasting a civil denaturalization proceeding under § 1451(a) with a typical criminal proceeding, the Sixth Circuit has remarked criminal cases offer many due process protections—e.g., jury trial, indictment, beyond-a-reasonable-doubt burden of proof, right to counsel—that civil proceedings, including denaturalization proceedings, do not.

And finally, the Sixth Circuit addressed the decisions from other circuits which have implied a materiality element into § 1425(a) after analogizing it to 8 U.S.C. § 1451:

We recognize that Maslenjak's position finds support in a number of other circuit decisions holding that materiality is an implied element of 18 U.S.C. § 1425(a). By and large, we find these decisions unpersuasive. The leading case supporting Maslenjak's position is United States v. Puerta where the Ninth Circuit read an implied materiality requirement into § 1425(a).

. . . .

Other circuits have followed the Ninth Circuit's decision in Puerta but without engaging in their own analysis of the statutory language. The First Circuit has assumed like the Ninth Circuit that materiality is an element of 18 U.S.C. § 1425(a) because it is an element of civil denaturalization under 8 U.S.C. § 1451(a). The Seventh Circuit adopted the materiality element, at least in part, because, just as in Puerta, the parties to the case agreed that it was an element of 18 U.S.C. § 1425(a).

. . . .

9

We find that Puerta's approach to materiality suffers from a number of problems. First and foremost, as a matter of statutory construction, 18 U.S.C. § 1425(a) does not suggest that materiality is an element of the offense. The term "material" does not appear in 18 U.S.C. § 1425(a) nor, for that matter, in 8 U.S.C. § 1451(e). This is not surprising because § 1425(a) criminalizes procuring citizenship or naturalization in any way that is "contrary to law," not just by making false statements. In fact, 18 U.S.C. § 1425(a) reaches far more conduct than making false statements or even procuring one's own citizenship in some way contrary to law. The statute can be properly read to criminalize the procurement of any proof of citizenship or document related to naturalization or citizenship for "any person," not just one's own self. The Ninth Circuit's conclusion that § 1425(a) contains an implied element of materiality then lacks any support in what is already the broad and plain language of the statute.

The Ninth Circuit's approach also ignores the fact that other violations of federal law pertaining to false statements in immigration proceedings do not require proof of materiality. It is well settled in the Ninth Circuit (and in other circuits following the Ninth's holding in Puerta) that proof of materiality is not a required element of 18 U.S.C. § 1015(a). Nor is proof of materiality required in other sections of the INA addressing false testimony. The INA at 8 U.S.C. § 1427(a)(3) makes "good moral character" a condition precedent to naturalization. And 8 U.S.C. § 1101(f)(6) precludes a finding of "good moral character" for any naturalization applicant who "has given false testimony for the purpose of obtaining any benefit" under the INA. The Supreme Court in Kungys concluded that § 1101(f)(6) does not contain a materiality requirement. Reading an implied materiality element into § 1425(a) would mean then that a defendant could give immaterial false testimony for the purpose of obtaining an immigration benefit, thereby failing to meet the requirements for naturalization under 8 U.S.C. § 1427(a)(3) and 8 U.S.C. § 1101(f)(6) but still not be guilty of knowingly procuring his citizenship "contrary to law" in violation of 18 U.S.C. § 1425(a). Requiring proof of materiality under 18 U.S.C. § 1425(a) is incompatible with

these other federal laws applicable to false statements in immigration proceedings.

. . . .

The only compelling reason left to adopt the Ninth Circuit's approach to materiality in <u>Puerta</u> is the equity of mandatory denaturalization on anything less than proof of a materially false statement. As Maslenjak asserted at oral argument, denaturalization is a "unique" and "severe" sanction amounting to "banishment," and so the same evidentiary standard should apply whether the government seeks denaturalization in a civil proceeding or a criminal proceeding. Whatever appeal this rationale might have, the argument invites us to overlook the plain text of 18 U.S.C. § 1425(a) and disregard the overall statutory scheme Congress has enacted for denaturalization under the INA.

Construing 8 U.S.C. § 1451 and 18 U.S.C. § 1425 together, Congress has created two alternative approaches to denaturalization, one civil and one criminal. The denaturalization procedure established under 8 U.S.C. § 1451(a) is civil and equitable in nature, initiated simply by filing a petition in the district court where the citizen resides, and carries a "clear, unequivocal, convincing" standard of proof. Section 1451(e) creates a second statutory path to denaturalization which is criminal in nature, because § 1451(e) makes denaturalization mandatory where the citizen is found guilty of violating 18 U.S.C. § 1425. Obviously, the alternative procedure requires the government to seek an indictment and establish probable cause, afford the citizen all of the constitutional due process rights owed whenever a person is accused of a criminal act, and meet a higher burden of proof (beyond a reasonable doubt).

Accepting then that Congress has provided two alternative procedures and standards of proof under § 1451(a) and § 1451(e), the explicit requirement of materiality under one approach but not the other is actually consistent with a two-track statutory scheme for denaturalization. In a civil denaturalization suit, the government can bring its case simply by filing an equitable petition, proceed as in a civil case, and satisfy a lesser burden of proof than beyond a reasonable doubt. In light of the slightly lower burden of

proof, Congress has required the government to prove that the naturalized citizen has concealed a material fact. By contrast, in a criminal case resulting in denaturalization, the government must prove the charge under 18 U.S.C. § 1425 beyond a reasonable doubt while meeting the demands of constitutional due process. Congress has not required proof of materiality in that scenario arguably because of the higher burden of proof, the additional safeguards for the naturalized citizen's constitutional rights, and the broad sweep of § 1425 itself.

So in a criminal prosecution under § 1425, the Constitution itself cures any concerns about the "gravity of the consequences" of mandatory denaturalization without requiring proof of materiality. And if it were otherwise and materiality was a required element of both civil and criminal denaturalization proceedings, the government would have little incentive to ever pursue the denaturalization of a naturalized citizen for making false statements through a criminal indictment under 18 U.S.C. § 1425. The government could achieve the same result, denaturalization, by proving the same materiality element but in a civil proceeding under a lesser standard of proof and with less constitutional due process. Thus, reading an implied element of materiality into 18 U.S.C. § 1425(a) would yield yet another unintended, anomalous result.

Id. at 683–93.

In addition to the Sixth Circuit, other courts have also concluded that § 1425(a) does not contain a materiality element. See United States v. Biheiri, 293 F. Supp. 2d 656, 659 (E.D. Va. 2003) (holding that 18 U.S.C. § 1425(a) does not contain a materiality element); United States v. Rogers, 898 F. Supp. 219, 220 (S.D.N.Y. 1995) (same). These cases apply the time-honored rule of construction that if the plain text of the statute is unambiguous, courts must assume that Congress said what it meant – and nothing more. See, e.g., United States v. Browne, 505 F.3d 1229, 1250 (11th Cir.2007) ("The language

12

Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.").   Additionally, these cases recognize that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983). Because Congress explicitly included "materiality" elements in other sections of the Immigration and Nationality Act ("INA"), these courts conclude that Congress intentionally omitted a materiality requirement in 18 U.S.C. § 1425(a).   Finally, these courts note that Kungys is not dispositive because the Government in a civil denaturalization case bears a lower burden of proof than in a criminal denaturalization case.[10]   Therefore, because the Government must prove a criminal case beyond a reasonable doubt, it is reasonable that Congress believed a materiality element in 18 U.S.C. § 1425(a) was unnecessary to satisfy the demands of due process.[11]

---

[10] The Government need only prove its case under 8 U.S.C. 1451(a) – a civil denaturalization statute – by clear and convincing evidence.  See Fedorenko v. United States, 449 U.S. 490, 505 (1981) ("The evidence justifying revocation of citizenship [under 8 U.S.C. 1451(a)] must be 'clear, unequivocal, and convincing' and not leave the issue in doubt.") (citation omitted); see also Schneiderman v. United States, 320 U.S. 118, 125 (1944) ("To set aside such a grant the evidence must be 'clear, unequivocal, and convincing' – 'it cannot be done upon a bare preponderance of evidence which leaves the issue in doubt.'").

[11] As the Sixth Circuit noted in Maslenjak, in order to establish a violation of § 1425(a) the Government must prove all of the elements of  § 1425(a) and all of the elements of the predicate offense beyond a reasonable doubt.  This high hurdle satisfies any concern that a citizen could be denaturalized without the Government having to satisfy the highest burden of proof.  Given the fact that the Government must prove both § 1425 and the underlying predicate offense beyond a reasonable doubt, it is reasonable that Congress chose not to impose a materiality requirement as

Having considered case law across various circuits and having construed the plaining meaning of the statute § 1425(a), as the Sixth Circuit did in <u>Maslenjak</u>, 821 F.3d at 692, this Court **FINDS** that 18 U.S.C. § 1425(a) does not include an implicit element of materiality.  The plain text of § 1425(a) requires proof of only three elements: (1) the Defendant procured or attempted to procure his naturalization; (2) that he procured it in some manner contrary to law;[12] and (3) that he did so knowingly.[13]

      **DONE AND ORDERED** in Chambers at Miami, Florida this 26th day of July, 2016.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

an element of proof in § 1425(a).  And of course if the predicate offense contains its own materiality element, the Government must prove that element beyond a reasonable doubt.

[12] The Court notes that if the Government satisfies § 1425(a)'s "contrary to law" element by relying upon an underlying immigration provision that contains an explicit materiality requirement, it must prove that materiality element – along with every other element of the predicate offense – beyond a reasonable doubt.

[13] Because the Court finds § 1425(a) contains no materiality element, it need not resolve whether to apply the "natural tendency," "fair inference," or "but-for" materiality standards.

14